| | |
|---|---|
| VALERIE NORTON, Individually and as parent and Next Best Friend of N.J.C.N., Deceased Infant,<br><br>     Plaintiff,<br><br>v.<br><br>GREENE COUNTY, TENNESSEE, *ET AL*.<br><br>     Defendants. | No. 2:11-CV-157 |

## MEMORANDUM OPINION AND ORDER

The plaintiff filed this section 1983 action on June 1, 2011, [Doc. 1]. She alleges that the defendants were deliberately indifferent to her serious medical needs and failed to provide her constitutionally adequate medical care. The plaintiff further alleges that, as a result, she had a miscarriage on June 1, 2010. Defendants have filed several motions that are addressed in this Order. These include: (1) Defendant Steve Burns, John Jones, Neal Matthews, Sherry Sowers (in their individual capacities) and Greene County's Partial Motion to Dismiss, [Doc. 24], pursuant to Federal Rule of Civil Procedure 12(b)(6); (2) Defendant Steve Burns, John Jones and Neal Matthews' (in their individual capacities) Motion for Summary Judgment, [Doc. 26], based on qualified immunity; and (3) Defendant Sherry Sowers' (in her individual capacity) Motion for Summary Judgment, [Doc. 32], based upon qualified immunity.

For the reasons that follow, the Partial Motion to Dismiss, [Doc. 24], is GRANTED; thus, Defendant Steve Burns, John Jones and Neal Matthews' (in their individual capacities) Motion for Summary Judgment, [Doc. 26], is MOOT. In addition, Defendant Sherry Sowers' (in her individual

capacity) Motion for Summary Judgment, [Doc. 32], is GRANTED. Accordingly, the only surviving claim is the claim against Greene County.[1]

The pertinent facts alleged in the Complaint are briefly set forth as follows:

> 21. On or about February 27, 2010, the Plaintiff was incarcerated at the Greene County Jail in Greeneville, Tennessee. The Plaintiff was assigned to the "workhouse" and also assigned to laundry duty. The Plaintiff advised the officers and nurse that she was in fact pregnant.
>
> 22. The officers and the nurse at the Greene County Jail did not believe the Plaintiff was pregnant. The Plaintiff, Valerie Norton, requested repeatedly to have a pregnancy test, and told officers and the nurse that she could feel the baby moving inside her, however, those requests were refused and denied. The plaintiff also made multiple requests to be seen and treated by her personal physician and those requests were refused and denied.
>
> 23. On or about May 31, 2010, the Plaintiff was taken to see the nurse by correctional officers. The Defendant, Sherry Stowers (sic), R.N. examined the Plaintiff and pushed down so hard on the Plaintiffs abdomen that it made a loud pop sound and the nurse then had the Plaintiff removed and placed into a holding cell.
>
> 24. On or about June 1, 2010, at approximately 6:50 p.m., the Plaintiff began experiencing severe abdominal pain and extensive vaginal bleeding. Other inmates attempted to get assistance for the Plaintiff and no officer, staff member or nurse came to the assistance of the Plaintiff. The Plaintiff made it to the commode in her cell and proceeded to deliver a baby boy, N.J.C.N. At this time, officers came into the cell and then forced the Plaintiff to remove the baby from the commode and the officers took the baby boy and placed him into an ice bucket and placed the bucket and the newborn baby boy into the evidence room where it stayed for a period of longer than thirty (30) minutes and neither the officer nor the nurse checked for breathing, a heartbeat, or any other sign of life.

*See* [Doc. 1, pages 8-9].

Dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) eliminates a pleading or

---

[1] The reference to Greene County includes the named-defendants in their official capacities and the Greene County Commission.

portion thereof that fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Moreover, Federal Rule of Civil Procedure 8(a)(2) requires the complaint to contain a "short plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A motion to dismiss under Rule 12(b)(6) requires the Court to construe the allegations in the complaint in the light most favorable to the plaintiff and accept all the complaint's factual allegations as true. *Meador v. Cabinet for Human Res.*, 902 F.2d 474, 475 (6th Cir. 1990). The Court may not grant a motion to dismiss based upon a disbelief of a complaint's factual allegations. *Lawler v. Marshall*, 898 F.2d 1196, 1199 (6th Cir. 1990). The Court must liberally construe the complaint in favor of the party opposing the motion. *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995). However, the plaintiff must allege facts that, if accepted as true, are sufficient "to raise a right to relief above the speculative level," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), and to "state a claim to relief that is plausible on its face," *id.* at 570; *see also Ashcroft v. Iqbal*, – U.S. –, 129 S.Ct. 1937, 1949-50 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 129 S.Ct. at 1949. Moreover, this Court need not "'accept as true a legal conclusion couched as a factual allegation.'" *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)); *see also Ashcroft*, 129 S.Ct. at 1949. Lastly, this Court may consider documents central to the plaintiff's claims to which the complaint refers and incorporates as exhibits. *Amini v. Oberlin College*, 259 F.3d 493, 502 (6th Cir. 2001).

First, the defendants argue that all state law claims against all defendants should be dismissed for failure to comply with the pre-suit notice requirements of Tennessee medical malpractice

-3-

statutes. *See* Tenn. Code Ann. §§ 29-26-121 and 122. In the plaintiff's Response, [Doc. 38],[2] the plaintiff states that she is not raising any Tennessee medical malpractice claims, and thus, does not have to comply with the notice requirements. Because the Complaint does not raise state law issues and because the plaintiff reiterates this fact in her Response, the Court need not address the issue. Similarly, the Court need not address any supposed wrongful death action addressed by the defendants, for that claim is not made specifically in the Complaint or acknowledged by the plaintiff despite cursory mention of the wrongful death of N.J.C.N. in the Complaint. Likewise, this Court will not address a nonexistent claim.

Second, the defendants argue that all federal claims that pre-date June 1, 2010, should be dismissed because they are barred by the one-year applicable statue of limitations. In a civil rights case brought under § 1983, the statute of limitations is determined by the law of the state in which the action arose. *Wallace v. Kato*, 549 U.S. 384, 387 (2007) (*citing Owens v. Okure*, 488 U.S. 235, 249–250 (1989); *Wilson v. Garcia*, 471 U.S. 261, 279–80 (1985)). Section 1983 claims are subject to the state statute of limitations for personal injury actions because such claims have been found analogous to actions for injuries to personal rights. *Wilson*, 471 U.S. at 277 (later overruled only as to claims brought under the Securities Exchange Act of 1934). In Tennessee, the limitations period for claims alleging personal injury is one year. Tenn. Code Ann. § 28-3-104(a). Because this action was filed on June 1, 2011, any claims arising before June 1, 2010, would be barred. Therefore, the motion in that regard is GRANTED, and those claims are dismissed.

Third, the Defendants Burns, Jones and Matthews contend that the federal claims against them in their individual capacities that allegedly arose on June 1, 2010, or thereafter, should be

---

[2]This Response was filed late, and there was no motion for leave to late-file the document. Nonetheless, this Court has read and considered the Response.

dismissed because the Complaint contains no factual allegations that could support a legal claim against them. To be sure, the Complaint alleges that plaintiff told "officers and nurse" that she was pregnant and was denied prenatal care, ultimately suffering a miscarriage on June 1, 2010. The Complaint does not contain specific factual allegations as to Burns, Jones and Matthews, however. Instead, it alleges the following relating to their roles as supervisors:

> As ["Sheriff" or "Chief Deputy" or "Jail Administrator"], he was responsible for the care and custody of persons incarcerated in the Greene County Jail and the supervision, discipline and control of persons working for the Greene County Sheriff's Department.

[Doc. 1, page 6, ¶¶ 12, 13 & 14].

Liability under § 1983 cannot be based on the doctrine of *respondeat superior*. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). Thus, the plaintiff must show that the defendant personally violated her rights. For supervisory liability to attach, the defendant must be shown to have encouraged the violation of the plaintiff's rights "or in some other way directly participated in it." *Id*. (internal quotation marks omitted). "At a minimum," the defendant must have "implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers." *Id*. (internal quotation marks omitted).

Stated differently, supervisory liability will attach if the defendant possessed information revealing a "strong likelihood" of unconstitutional conduct by subordinate officers but did nothing to prevent the misconduct, thereby causing harm to the plaintiff. *See Doe v. City of Roseville*, 296 F.3d 431, 439 (6th Cir.2002), *cert. denied*, 537 U.S. 1232 (2003); *Doe v. Claiborne County, Tenn.*, 103 F.3d 495, 513 (6th Cir.1996). In such circumstances, the defendant is said to have exhibited "deliberate indifference" to violations of the plaintiff's constitutional rights.

Here, the only allegation is that these particular defendants had supervisory responsibilities.

There are not sufficient, plausible, factual allegations in the Complaint to state a claim upon which relief can be granted. Accordingly, the Partial Motion to Dismiss, [Doc. 24], in this regard is GRANTED.

Having resolved all issues raised in the Partial Motion to Dismiss, the only remaining claim raised in the various motions that has not been addressed is the allegation against Defendant Sowers for violating plaintiff's constitutional right to adequate medical care on June 1, 2010. Defendant Sowers challenges this allegation in her Motion for Summary Judgment, [Doc. 32], and argues that she is entitled to qualified immunity.

Summary judgment is proper where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In ruling on a motion for summary judgment, the Court must view the facts contained in the record and all inferences that can be drawn from those facts in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Nat'l Satellite Sports, Inc. v. Eliadis, Inc.*, 253 F.3d 900, 907 (6th Cir. 2001). The Court cannot weigh the evidence, judge the credibility of witnesses, or determine the truth of any matter in dispute. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

The moving party bears the initial burden of demonstrating that no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To refute such a showing, the non-moving party must present some significant, probative evidence indicating the necessity of a trial for resolving a material factual dispute. *Id.* at 322. A mere scintilla of evidence is not enough. *Anderson*, 477 U.S. at 252; *McClain v. Ontario, Ltd.*, 244 F.3d 797, 800 (6th Cir. 2000). This

Court's role is limited to determining whether the case contains sufficient evidence from which a jury could reasonably find for the non-moving party. *Anderson*, 477 U.S. at 248-49; *Nat'l Satellite Sports*, 253 F.3d at 907. If the non-moving party fails to make a sufficient showing on an essential element of its case with respect to which it has the burden of proof, the moving party is entitled to summary judgment. *Celotex*, 477 U.S. at 323. If this Court concludes that a fair-minded jury could not return a verdict in favor of the non-moving party based on the evidence presented, it may enter a summary judgment. *Anderson*, 477 U.S. at 251-52; *Lansing Dairy, Inc. v. Espy*, 39 F.3d 1339, 1347 (6th Cir. 1994).

The party opposing a Rule 56 motion may not simply rest on the mere allegations or denials contained in the party's pleadings. *Anderson*, 477 U.S. at 256. Instead, an opposing party must affirmatively present competent evidence sufficient to establish a genuine issue of material fact necessitating the trial of that issue. *Id.* Merely alleging that a factual dispute exists cannot defeat a properly supported motion for summary judgment. *Id.* A genuine issue for trial is not established by evidence that is "merely colorable," or by factual disputes that are irrelevant or unnecessary. *Id.* at 248-52.

Again, Defendant argues that she is entitled to qualified immunity.

> In determining an officer's entitlement to qualified immunity [this Court] follow[s] a two-step inquiry.[3] *Saucier v. Katz*, 533 U.S. 194, 201-02, 121 S. Ct. 2151, 150 L. Ed. 2d 272 (2001). First taken in the light most favorable to the plaintiff, [the Court] decide[s] whether the facts alleged show the officer's conduct violated a constitutional right. *Id.* at 201. If no constitutional right would have been violated were the plaintiff's allegations established, there is no need for further inquiry into immunity. If a violation can be made out on a

---

[3]The Supreme Court recently held that the *Saucier* approach is no longer mandatory, and the district courts can elect to decide the second issue without determining whether a constitutional violation actually occurred. *Pearson v. Callahan*, 129 S. Ct. 808, 818 (2009). This Court will use the two-step approach of *Saucier*.

-7-

> favorable view of the plaintiff's submissions, [the Court] next ask[s] whether the right was clearly established. *Id.*

*Vakilian v. Shaw*, 335 F. 3d 509, 516-17 (6th Cir. 2003). In general, government officials performing discretionary functions, are shielded "from civil damages liability as long as their actions could reasonably have been thought consistent with the rights they are alleged to have violated." *Anderson v. Creighton*, 483 U.S. 635, 638 (1987). "[A]ll but the plainly incompetent or those who knowingly violate the law" are protected by qualified immunity. *Malley v. Briggs*, 475 U.S. 335, 341 (1986). The relevant question for the Court regarding whether the right was clearly established is not the subjective intent of the defendant, but whether a reasonable officer would have believed the defendant's conduct to be lawful, in light of the clearly established law and information possessed by the defendant. *Anderson*, 43 U.S. at 640.

Defendant Sowers states in her unchallenged affidavit attached to the motion that she was not working on June 1, 2010, and, thus, cannot be accountable for violating the plaintiff's constitutional rights. However, she did visit the plaintiff at Laughlin Memorial Hospital after the miscarriage had occurred and after the plaintiff was under the care of nurses other than Defendant Sowers.

It is uncontested that Defendant Sowers was not on duty on June 1, 2010. Therefore, she did not render care or fail to render care, for she was not working. Accordingly, she could not have been indifferent to any serious medical need of the plaintiff. In addition, no reasonable nurse, who was off-duty, could have believed that she was being deliberately indifferent to any serious medical need of the plaintiff. As such, Defendant Sowers is entitled to qualified immunity, and her Motion for

-8-

Case 2:11-cv-00157  Document 42  Filed 03/06/12  Page 8 of 9  PageID #: 218

Summary Judgment in that regard is GRANTED.[4]

This Court has now disposed of all claims which the defendants challenged in their various motions. For the reasons stated above, the Partial Motion to Dismiss, [Doc. 24], is GRANTED; thus, Defendant Steve Burns, John Jones and Neal Matthews' (in their individual capacities) Motion for Summary Judgment, [Doc. 26], is MOOT. In addition, Defendant Sherry Sowers' (in her individual capacity) Motion for Summary Judgment, [Doc. 32], is GRANTED. Accordingly, the only surviving claim is the claim against Greene County.

ENTER:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE

---

[4] The plaintiff's Response claims that the motion for summary judgment should be denied, or continued to allow adequate time for discovery but is unclear as to the relief requested in regards to discovery. The plaintiff failed to follow Federal Rule of Civil Procedure 56(f) in trying to establish that she is entitled to discovery. As such, this Court, in its discretion, hereby denies that request. *See Summers v. Leis*, 368 F.3d 881, 886-87 (6th Cir. 2004) ("The purpose of a qualified immunity defense is not only protection for civil damages but protection from the rigors of litigation itself, including potential disruptiveness of discovery. . . . [B]ecause the defense of qualified immunity is a threshold question, if the defense is properly raised prior to discovery, the district court has a duty to address it."); *Hahn v. Star Bank*, 190 F.3d 708, 719 (6th Cir. 1999).

-9-

Case 2:11-cv-00157  Document 42  Filed 03/06/12  Page 9 of 9  PageID #: 219