UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| VALERIE NORTON, Individually and as Parent and Next Best Friend of N.J.C.N. Deceased Infant, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | NO.: 2:11-CV-157 |
| GREENE COUNTY, TENNESSEE, *ET AL.*, | ) ) | |
| Defendants. | ) | |

MEMORANDUM OPINION AND ORDER

Greene County, Tennessee, the only remaining defendant in this section 1983 action,[1] filed a Motion for Summary Judgment, [Doc. 44]. The plaintiff has alleged (1) that the County had a policy or custom of discouraging the jail medical staff from calling for emergency medical services; and (2) that the County had a policy or custom of providing unconstitutional medical care to inmates. The defendant argues first that there is no underlying constitutional violation. Second, the defendant argues that no policy or custom was a moving force in causing a constitutional violation. The plaintiff has not filed a response. For the reasons stated below, the Court finds that there was no constitutional violation, and the defendant's motion is GRANTED. Because the motion is granted on the first ground, this Court will not address the second.

---

[1] The reference to Greene County includes the named-defendants in their official capacities and the Greene County Commission. However, any claims against the individual official capacity defendants and the Greene County Commission are DISMISSED because Greene County is the proper defendant.

1

## I. FACTS

The facts are fully set out in this Court's March 6, 2012 Memorandum Opinion and Order, [Doc. 42], with a few exceptions listed below. The Greene County Sheriff's Department provides its inmates a medical staff consisting of one physician and two nurses. [Doc. 31, ¶ 4; Doc. 35, ¶ 4; and Christy Aff., ¶ 3]. The department's policy is that the medical staff makes all medical decisions regarding inmates. The management of the Sheriff's Department does not interfere with any medical decisions. [Doc. 29, ¶ 10].

In regards to the plaintiff specifically, only the events of June 1, 2010, are still at issue. *See* [Doc. 42]. On June 1, 2010, the jail physician, Dr. Mathews, and a jail nurse, Susan Christy, L.P.N. examined the plaintiff for complaints of nausea and vomiting and because the day before Nurse Sherry Sowers had observed a knot in the plaintiff's abdomen. [Affidavit of Susan Christy, L.P.N., ¶¶ 7-10]. Dr. Mathews was unable to palpate the knot and he ordered for the plaintiff to be kept in the Detention Center on medical watch until Nurse Sowers returned on June 7. The records show that correctional officers checked on Ms. Norton on an hourly basis from 1:00 p.m. until 6:00 p.m. on June 1. [Christy Aff., ¶¶ 7-9]. Nurse Christy checked on the plaintiff in her cell regarding a complaint of cramping at around 6:30 to 6:40 p.m. on June 1, 2010. She did not know the plaintiff was pregnant, and she then left the plaintiff's cell to obtain some ibuprofen. [Christy Aff., ¶ 11]. While she was gone, Nurse Christy and Correctional Officer Johnnie Wade heard noise coming from the plaintiff's cell and immediately responded. [Christy Aff., ¶ 11 and Affidavit of Johnnie Wade, ¶ 4]. When they arrived at the cell they learned that the plaintiff had suffered a miscarriage. [Christy Aff., ¶ 11 and Wade Aff., ¶ 4]. According to Nurse Christy, the fetus was not viable at the time of miscarriage. [Christy Aff., ¶ 11 and Doc. 35, ¶ 35]. Nurse Christy and C.O. Wade transported the plaintiff and the

fetus to the Laughlin Hospital. [Christy Aff., ¶ 14 and Wade Aff., ¶ 5]. Nurse Christy did not deem it necessary to call an ambulance, but she knew that she could call an ambulance if in her medical judgment it had been necessary. [Christy Aff., ¶¶ 12-13]. The plaintiff was provided appropriate, non-emergent care at the Hospital. [Christy Aff., ¶¶ 13-14].

## II. SUMMARY JUDGMENT STANDARD

Summary judgment is proper where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In ruling on a motion for summary judgment, the Court must view the facts contained in the record and all inferences that can be drawn from those facts in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Nat'l Satellite Sports, Inc. v. Eliadis, Inc.*, 253 F.3d 900, 907 (6th Cir. 2001). The Court cannot weigh the evidence, judge the credibility of witnesses, or determine the truth of any matter in dispute. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

The moving party bears the initial burden of demonstrating that no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To refute such a showing, the non-moving party must present some significant, probative evidence indicating the necessity of a trial for resolving a material factual dispute. *Id.* at 322. A mere scintilla of evidence is not enough. *Anderson*, 477 U.S. at 252; *McClain v. Ontario, Ltd.*, 244 F.3d 797, 800 (6th Cir. 2000). This Court's role is limited to determining whether the case contains sufficient evidence from which a jury could reasonably find for the non-moving party. *Anderson*, 477 U.S. at 248-49; *Nat'l Satellite Sports*, 253 F.3d at 907. If the non-moving party fails to make a sufficient showing on an essential element of its case with respect to which it has the burden of

proof, the moving party is entitled to summary judgment. *Celotex*, 477 U.S. at 323. If this Court concludes that a fair-minded jury could not return a verdict in favor of the non-moving party based on the evidence presented, it may enter a summary judgment. *Anderson*, 477 U.S. at 251-52; *Lansing Dairy, Inc. v. Espy*, 39 F.3d 1339, 1347 (6th Cir. 1994).

The party opposing a Rule 56 motion may not simply rest on the mere allegations or denials contained in the party's pleadings. *Anderson*, 477 U.S. at 256. Instead, an opposing party must affirmatively present competent evidence sufficient to establish a genuine issue of material fact necessitating the trial of that issue. *Id.* Merely alleging that a factual dispute exists cannot defeat a properly supported motion for summary judgment. *Id.* A genuine issue for trial is not established by evidence that is "merely colorable," or by factual disputes that are irrelevant or unnecessary. *Id.* at 248-52.

### III. ANALYSIS

Again, the plaintiff alleges that the defendant violated her constitutional rights in (1) that the County had a policy or custom of discouraging the jail medical staff from calling for emergency medical services; and (2) that the County had a policy or custom of providing unconstitutional medical care. There is no such thing as *respondeat superior* liability in the context of Section 1983 actions. *See Ford v. County of Grand Traverse*, 535 F.3d 483, 495 (6th Cir. 2008). Instead, a plaintiff must prove two things in order to make out a case against a governmental entity, i.e. Greene County. The first is that the plaintiff must prove that there was an underlying constitutional violation. The second is that the plaintiff would have to prove that a policy or custom of Greene County was a "moving force" in causing the alleged constitutional violation.

4

Section 1983 prohibits any "person who, under color of any statute, ordinance, regulation, custom, or usage, of any State" from depriving any U.S. citizen "of any rights, privileges, or immunities secured by the constitution and laws." The plaintiff alleges that the defendants violated her Eighth Amendment rights. The Eighth Amendment prohibits the infliction of cruel and unusual punishment. U.S. Const. amend. VIII.

As applied to prisoners, this constitutional guarantee encompasses a right to medical care for serious medical needs. *See Estelle v. Gamble*, 429 U.S. 97, 103-04 (1976). However, the Eighth Amendment prohibits mistreatment only if it is tantamount to "punishment," and thus courts have imposed liability upon prison officials only where they are "so deliberately indifferent to the serious medical needs of prisoners as to unnecessarily and wantonly inflict pain." *Horn v. Madison County Fiscal Court*, 22 F.3d 653, 660 (6th Cir. 1994). A serious medical need is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Blackmore v. Kalamazoo County*, 390 F.3d 890, 897 (6th Cir. 2004) (citing *Gaudreault v. Municipality of Salem*, 923 F.2d 203, 208 (1st Cir. 1990)), reh'g en banc denied. Negligence or medical malpractice alone cannot sustain an Eighth Amendment claim, absent a showing of deliberate indifference. *Estelle*, 429 U.S. at 105-06.

"Deliberate indifference" is analyzed by both an objective and a subjective component. *See Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001). In cases involving an inmate's medical needs, the need "must be, objectively, 'sufficiently serious.'" *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)). In considering the subjective component, a plaintiff must produce evidence showing "that the official being sued subjectively perceived facts from which to infer substantial risk to the

5

prisoner, that he did in fact draw the inference, and that he then disregarded that risk." *Comstock*, 273 F.3d at 703. The subjective component requires that an official who actually knew of the serious medical need possessed "a sufficiently culpable state of mind in denying medical care." *Miller v. Calhoun County*, 408 F.3d 803, 813 (6th Cir. 2005) (quoting *Farmer*, 511 U.S. at 834). "Deliberate indifference requires a degree of culpability greater than mere negligence, but less than 'acts or omissions for the very purpose of causing harm or with knowledge that harm will result.'" *Id.* at 813 (quoting *Farmer*, 511 U.S. at 835). The Supreme Court has also said, "an official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment." *Farmer*, 511 U.S. at 838.

The Sixth Circuit has held that "deliberate indifference may be established by a showing of grossly inadequate care as well as [by] a decision to take an easier but less efficacious course of treatment." *Terrance v. Northville Reg'l Psychiatric Hosp.*, 286 F.3d 834, 843 (6th Cir. 2002) (quoting *McElligott v. Foley*, 182 F.3d 1248, 1255 (11th Cir. 1999)). The relevant inquiry as to whether a defendant provided grossly inadequate care is "whether a reasonable doctor . . . could have concluded his actions were lawful." *Waldrop v. Evans*, 871 F.2d 1030, 1034 (11th Cir. 1989). However, the Eleventh Circuit cases upon which *Terrance* was based note that a showing of "grossly inadequate care" satisfies only the objective prong of the "deliberate indifference" standard. A plaintiff must still present evidence of a prison official's subjective awareness of, and disregard for, a prisoner's serious medical needs. *See Campbell v. Sikes*, 169 F.3d 1353, 1364-65 & n. 9 (11th Cir. 1999).

The district court held in *Patterson v. Carroll County Detention Center*, 2006 WL 3780552 (E.D.Ky. 2006), that the condition of being pregnant is not a "serious medical need":

6

> the general condition of being pregnant does not necessarily constitute a serious medical need at any given moment in time during incarceration absent a development that "must require immediate attention." *Smith v. Franklin County*, 227 F.Supp.2d 667, 677 n. 10 (E.D.Ky.2002) (citing *Caldwell v. Moore*, 968 F.2d 595, 602 (6th Cir.1992)); *see also Coleman v. Rahija*, 114 F.3d 778, 784-85 (8th Cir.1997).

*Id*. at *3, fn. 5.

If the plaintiff proves that Greene County violated her constitutional rights by being deliberately indifferent to a serious medical need, then the plaintiff "must also demonstrate that, through its deliberate conduct, the municipality was the 'moving force' behind the alleged injury. That is, a plaintiff must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the deprivation of federal rights." *Cherrington v. Skeeter*, 344 F.3d 631, 645 (6th Cir. 2003).

A plaintiff may look to four different avenues to prove the existence of a municipality's illegal policy or custom: (1) the municipality's legislative enactments or official agency policies; (2) actions taken by officials with final decision-making authority; (3) a policy of in adequate training or supervision; or (4) a custom of tolerance or acquiescence of federal rights violations. *Monell*, 436 U.S. at 694. Inadequate training may serve as the basis for liability "only where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact." *City of Canton v. Harris*, 489 U.S. 378, 388 (1989); *Cherrington*, 344 F.3d at 646.

Under an inaction theory, a plaintiff must show:

> (1) the existence of a clear and persistent pattern of [illegal activity];
>
> (2) notice or constructive notice on the part of the [defendants];

7

> (3) the [defendants'] tacit approval of the unconstitutional conduct, such that their deliberate indifference in their failure to act can be said to amount to an official policy of inaction; and
>
> (4) that the [defendants'] custom was the "moving force" or direct causal link in the constitutional deprivation.

*Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005) (citing *Doe v. Claiborne County*, 103 F.3d 495, 508) (6th Cir. 1996)).

Here, the plaintiff cannot establish that anyone was deliberately indifferent to a serious medical need. Thus, there is no constitutional violation, and this Court need not address whether a policy or custom of Greene County was a "moving force" in causing the alleged constitutional violation.

The plaintiff cannot show that Nurse Christy was deliberately indifferent to a serious medical need by failing to call an ambulance for her or the fetus, i.e. a delay in treatment. In order to survive a motion for summary judgment based on a delay in treatment claim, the plaintiff must: (1) present sufficient evidence from which a jury could conclude that Nurse Christy's decision rose to the level of deliberate indifference, and (2) present expert medical proof that would allow a jury to conclude that the alleged delay in treatment had a detrimental effect. *See Napier v. Madison County, Ky.*, 238 F.3d 739, 742 (6th Cir. 2001).

First, there was no deliberate indifference because according to Nurse Christy there was no need for any emergency medical service. The fetus was not viable. Therefore, transport to the hospital via ambulance unfortunately would not have made a difference. While the plaintiff had just experienced the traumatic event of a miscarriage, Nurse Christy did not believe there was a medical emergency that required calling an ambulance to transport the plaintiff as opposed to the transport she provided. Second, the plaintiff has failed to respond to the motion for summary

judgment and has not provided expert medical proof that the alleged delay in treatment had a detrimental effect on either her or the fetus.

Next, the plaintiff would have to show that the medical care she received on June 1, 2010 was so inadequate that it rose to the level of deliberate indifference to a serious medical need. On June 1, 2010, the plaintiff was examined by the jail physician and a jail nurse, and she was placed on medical watch. Nurse Christy stated in her affidavit that she did not know the plaintiff was pregnant, and the plaintiff did not mention the fact that she might be pregnant to Nurse Christy or Dr. Matthews at that time. Nurse Christy further stated that she and Nurse Sowers knew the plaintiff had previously had a tubal ligation in 2007.[2]

Prior to the plaintiff's miscarriage on June 1, 2010, Nurse Christy was in the process of obtaining pain medication for her. Immediately after the miscarriage, Nurse Christy and C.O. Wade transported her to the hospital. Although the plaintiff undoubtedly suffered a traumatic event, there is no evidence of deliberate indifference.

## IV. CONCLUSION

For the reasons stated above, the plaintiff cannot establish that there was an underlying constitutional violation. Therefore, the Court need not address whether the plaintiff could prove that a policy or custom of Greene County was a "moving force" in causing the

---

[2] Nurse Chirsty also stated in her affidavit:

> The only time that she mentioned to me that she might be pregnant was on February 27, 2010, which was the first day of this particular incarceration. On that day, I recall walking by Ms. Norton as she was being booked into the Detention Center. She asked me for a pregnancy test because she thought she might be pregnant. I told her that she could not be pregnant because she had had her tubes tied (meaning she had had a tubal ligation). Ms. Norton never mentioned to me a possible pregnancy again and I never passed that information on to anyone else.

[Christy Aff., ¶ 9].

9

alleged constitutional violation. As such, the defendant's Motion For Summary Judgment, [Doc. 44]. The case will be DISMISSED on the merits.

    s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE